NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ANDREW S. WHITE, | ) |
| Petitioner, | ) Civil Action No. 6: 06-309-DCR |
| V. | ) |
| JEFF GRONDOLSKY, Warden, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*     \*\*     \*\*     \*\*     \*\*

Andrew S. White, an individual currently confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1] and a "Memorandum of Law." [Record No. 3] In addition, he has paid the $5.00 filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The Petitioner alleges that his federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

## NAMED RESPONDENT

The named Respondent is Jeff Grondolsky, Warden of FCI-Manchester.

## PETITIONER'S CRIMINAL CONVICTION, APPEAL AND §2255 MOTION

The Petitioner was convicted by a jury in 2003 in the United States District Court for the Southern District of Indiana, Indianapolis Division ("the trial court"), for possession of firearms as a convicted felon, 18 U.S.C. §922(g)(1). He received a 115-month sentence. Petitioner appealed his sentence, and the Seventh Circuit affirmed. *See United States v. White*, 368 F.3d 911 (7th Cir. 2004).[1] The Seventh Circuit's decision was vacated and remanded, however, when

---

[1] On direct appeal, the Petitioner raised two challenges. First, he challenged the government's use of prior "bad acts" evidence against him, alleging a violation of Fed. Rules Evid. Rule 404(b). The Seventh Circuit affirmed the use of the "bad acts" evidence, stating that the district court did not abuse its discretion in admitting numerous newspaper customer invoice forms seized from the petitioner's residence, which tended to show a prior "bad act" of identity theft by the petitioner. The court noted that the documents were offered to counter petitioner's theory that the firearms were not his and that he did not have the ability to exercise dominion and control over them. The court found that the government demonstrated that more likely than not it was the petitioner, and not some houseguest or other visitor, who had obtained the documents, and that the highly probative value of the documents outweighed their prejudicial effect. *See United States v. White*, 368 F.3d 915-916.

Second, he challenged the district court's two-point upward departure of his sentence under U.S.S.G. §3C1.1. The Seventh Circuit affirmed on this issue as well, finding that the district judge, who viewed the petitioner's witnesses and listened to tapes first-hand, did not err when he found that the petitioner attempted to suborn perjury, and consequently increased his offense level by two points for obstruction of justice. The Seventh Circuit noted that there were recorded conversations between the petitioner and his witnesses, during which he referred to a "script" and stated that the witnesses should wait until they were all "on point" before talking to his attorney. *Id*. at 916-917.

the Supreme Court granted the petition for writ of certiorari. *See White v. United States*, 543 U.S. 1105, 125 S. Ct. 1036 (January 24, 2005). The Supreme Court remanded for further consideration of the Petitioner's sentence in light of *United States v. Booker*, 543 U.S. 1105, 125 S. Ct. 738 (2005).

The *Booker* decision followed two other Supreme Court decisions: *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 524 U.S. 296, 124 S. Ct. 2531 (2004). In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536. According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537.

In *Booker*, the Supreme Court held that the federal Sentencing Guidelines were advisory rather than mandatory, recognizing that the system it created would involve greater exercise of discretion by district courts and a greater range of sentencing than a mandatory guidelines system. *Booker*, 543 U.S. at 263.

The Petitioner states that on September 28, 2005, the trial court ruled in a remand hearing that it would have imposed the same sentence even if had known that the federal sentencing guidelines were only advisory in nature. The Petitioner then states that he appealed the trial court's decision on remand to the Seventh Circuit. According to the Petitioner, the Seventh Circuit conducted a hearing on November 11, 2005, in order to determine if the trial court's decision was reasonable. Petitioner alleges that "to date, almost a year later, the Appellate court has not decided this issue." [Memorandum, p. 3]

The Petitioner filed a motion in the trial court to vacate his sentence under Fed. R. Civ. P. 60(b), which the trial court construed as a motion to vacate sentence under 28 U.S.C. §2255. [Memorandum, p. 2] The Petitioner provided this Court with a copy of the trial court's recent decision entered on July 6, 2006, which stated that it (the trial court) was without authority to consider a §2255 motion while a direct appeal is pending. The trial court dismissed the Petitioner's §2255 motion as premature.

## CURRENT §2241 PETITION

The Petitioner raises in this petition essentially the same challenges which he raised in his direct appeal. He claims generally that he is "actually innocent" of being a felon in possession of a firearm. To that end, he challenges his previous Indiana criminal convictions upon which his federal felon-in-possession conviction was premised. He also continues to challenge the trial court's two-point departure upward in his 115-month sentence. Finally, the Petitioner contends that under *Booker*, his sentence was unconstitutionally increased.

DISCUSSION

§ 2241 Petition is Premature

The law of the Sixth Circuit, as discussed in *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), is well established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief or permission to file a second or successive §2255 motion. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

A petitioner challenging his conviction or sentence under §2241 must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. Here, relief under §2241 is not warranted because the record clearly reflects that Petitioner White is still in the process of litigating whether his 115-month sentence was proper under *Booker*. As the trial court noted in its July 6, 2006, Order denying the construed § 2255 motion, Petitioner White has not even procedurally reached the point where he *can* file a §2255 motion.

Petitioner White acknowledges that the Seventh Circuit has not completed review of his second *direct* appeal of his sentence, following the September, 2005 remand hearing. He freely admits that he seeks collateral relief in this Court because the direct appeal process is taking too long. He states that:

> **The unusual delay in the disposition of this Petitioner's direct appeal, which began in 2003 compelled this Petitioner to file a motion pursuant to Federal Rule of Civil Procedure, Rule 60(b),** *as a Motion to Vacate, Set Aside or Correct the sentence pursuant to §2255 would have been premature and in fact*

-5-

***inappropriate* as there is no attack being presented towards the sentence.** The need for speedy relief warranted the 60(b) motion filed to seek relief from the operation of the judgment pursuant to Rule 60(b)(4) & (6) . . .

(Emphasis Added) [Memorandum, p. 2]

In summary, this Court reaches the same decision which the trial court reached on July 6, 2006. The Petitioner's collateral challenges are premature. If unsuccessful in his post-*Booker* direct appeal, now pending in the Seventh Circuit, the Petitioner must first pursue his trial court remedy under §2255 before he may seek relief under §2241.

## CONCLUSION

Accordingly, it is **ORDERED** that the §2241 petition for habeas corpus [Record No. 1] is **DENIED** and that this action is **DISMISSED** without prejudice.

This 17th day of August, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge